**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROBERT E. HINES,**

      Petitioner,

v.                                  **CIVIL ACTION NO. 3:13-CV-7
(JUDGE GROH)**

**R.A. PERDUE, Warden,**

      Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION**

**I. Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation. Magistrate Judge Seibert filed his report and recommendation [Doc. 40] on December 10, 2013. In that filing, he recommended that this Court grant Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment and that Petitioner's § 2241 petition be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's report and recommendation were due within fourteen (14) days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections on December 23, 2013. Accordingly, this Court will undertake a de novo review of those portions of Magistrate Judge Seibert's findings to which objection is made. This Court will review the remainder of the report and recommendation for clear error.

## II. Background

### A. Factual Background

As recited in the indictment in Criminal No. 3:10-CR-107 in the United States District Court for the Northern District Ohio, from October 2007 to May 2008, Petitioner and three co-defendants engaged in a conspiracy wherein the co-defendants provided Petitioner with identifying information of individuals including names, dates of birth, and social security numbers. The private information was used to make false statements to federally insured financial institutions for the purpose of obtaining, transferring, and using credit cards in the names of others. Petitioner and his co-defendants then used the credit cards to obtain goods and services.

2

As a result of the conspiracy, on September 30, 2009, Petitioner was arrested by Lucas County, Ohio authorities and charged with Burglary and Theft/Aggravated Theft (Case No. CR-09-2948); Receiving Stolen Property; two additional counts of Theft/Aggravated Theft; five counts of Forgery; and four counts of Taking Identity of Another (collectively, Case No. CR-09-2982).[1]

On March 3, 2010, the Grand Jury in the Northern District of Ohio returned a thirty-one county indictment, charging Petitioner with the following counts: Count 1: Conspiracy, in violation of 18 U.S.C. § 371; Counts 2-14: False Credit Card Applications, in violation of 18 U.S.C. §§ 2, 1014; Counts 15-21: Unlawful Possession of Another's Identification, in violation of 18 U.S.C. §§ 2, 1028(a)(7); Counts 22-27: Wire Fraud, in violation of 18 U.S.C. §§ 2, 1343; and Count 28: Aggravated Identity Theft, in violation of 18 U.S.C. §§ 2, 1028A. On March 10, 2010, a writ of habeas corpus *ad prosequendum* was issued.[2] On March 12, 2010, Petitioner appeared for his arraignment, and a detainer was lodged on Petitioner.

On March 29, 2010, in the Lucas County Court of Common Please, Petitioner was sentenced to a fourteen-month term of imprisonment on the Grand Theft charge in Case No. CR-09-02948. In Case No. CR-09-2982, Petitioner was sentenced to an eleven-month term of imprisonment for Theft and a fourteen-month term of imprisonment for Identity Fraud in Case No. CR-09-2982, with the eleven-month and fourteen-month terms to be

---

[1]Although not pertinent to this Court's analysis, Petitioner was also charged with Resisting Arrest, Disorderly Conduct, Nonsupport of Dependents, and several traffic violations.

[2]Also on March 10, 2010, Petitioner was sentenced by the Sylvania Municipal Court to twenty days' imprisonment for Receiving Stolen Property, a sentence expiring on March 30, 2010.

3

served concurrent. However, the sentences imposed in Case No. CR-09-02948 and CR-09-2982 are to be served consecutive, for a total aggregated twenty-eight month term of imprisonment. In both cases, Petitioner was awarded prior custody credit for the 181-day time period from September 30, 2009–when he was first arrested by Lucas County authorities–until March 29, 2010–the date he was sentenced.

On May 13, 2010, Petitioner entered a guilty plea to the twenty-eight counts charged against him in the indictment. On May 21, 2010, Lucas County authorities relinquished primary custody of Petitioner to the United States marshals service. Petitioner remained in federal custody until his November 22, 2010 sentencing, when he was sentenced to a sixty-month term of imprisonment on the federal charges.

**B. Procedural History**

On January 22, 2013, Petitioner filed his Petition for Writ of Habeas Corpus. On March 4, 2013, Petitioner properly filed his Petition for Writ of Habeas Corpus on the court-approved form. On March 7, 2013, Magistrate Judge Seibert ordered Respondent to show cause why the writ should not be granted.

On May 6, 2013, Respondent filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. On May 7, 2013, Magistrate Judge Seibert issued a Roseboro notice to Petitioner because he was proceeding *pro se*. On May 21, 2013, Petitioner filed his response.

Then, on August 12, 2013, Magistrate Judge Seibert entered an order directing Respondent to provide a more complete response. On August 26, 2013, Respondent provided a more complete response and supporting documentation. On September 9,

4

2013, Petitioner filed a reply to Respondent's court ordered response.

On December 10, 2013, Magistrate Judge Seibert entered a report and recommendation granting Respondent's Motion to Dismiss or in the Alternative Motion for Summary Judgment and denying and dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus. On December 23, 2013, Petitioner filed his objections to the report and recommendation. Therefore, this matter is ripe for the Court's review.

### III. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a

5

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted).

### B. Summary Judgment

The United States Supreme Court and the Fourth Circuit Court of Appeals have recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine

6

issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

## IV. Discussion

After reviewing the content of Petitioner's objections, Petitioner essentially filed two objections to Magistrate Judge Seibert's report and recommendation. First, Petitioner objects because he maintains that he should receive credit for time served on his federal sentence since March 10, 2010. Second, Petitioner challenges the imposition of his federal sentence because he contends it should have ran concurrent with his state sentence.

### 1. Commencement of Federal Sentence

Petitioner argues that although he was sentenced on November 22, 2010, his federal sentence should have commenced on March 10, 2010, the date the writ of habeas corpus *ad prosequendum* was issued.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A state prisoner, although in federal court pursuant to a writ of habeas corpus *ad prosequendum*, remains in state custody because the writ "works a 'mere loan of the prisoner to federal authorities' and does not effectuate a change in custod[y]." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citation and alterations omitted). Therefore, Petitioner's federal sentence did not begin to run when he was "produced for

prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retain[ed] primary jurisdiction over [Petitioner], and federal custody commence[d] only when the state authorities relinquish[ed] [Petitioner] on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

Accordingly, Petitioner's sentence began on November 22, 2010, the date he was sentenced by Judge Katz in the Northern District of Ohio.

### 2. Calculation of Credit for Prior Custody

A defendant must be given credit "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." King v. Deboo, Civil Action No. 2:11-CV-50, 2012 WL 1119763, *2 (N.D.W. Va. Apr. 3, 2012) (citing 18 U.S.C. § 3585(b)). Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating the inmate's term of confinement, including a determination of when the sentence commences. United States v. Wilson, 503 U.S. 329, 334 (1992); see United States v. Patrick, No. 12-4488, 2013 WL 117804, *2 (4th Cir. Jan. 10, 2013).

In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

(emphasis added).

The United States Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Id.  Thus, 18 U.S.C. § 3585(b)'s mandate is clear: prior custody credit cannot be awarded if the prisoner has received credit towards another sentence.  See United States v. Johnson, 464 F. App'x. 112, 115 (4th Cir. 2012) (affirming that defendant was not entitled to credit for time he served in state custody); United States v. Goulden, 54 F.3d 774, *2 (4th Cir. 1995) (defendant not entitled to credit for time spent in custody because it had been credited against his state sentence); United States v. Brown, 977 F.2d 574, *1 (4th Cir. 1992) (stating "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence").

Petitioner is not entitled to an award of prior custody credit on his federal sentence from March 10, 2010 to May 22, 2010.  On March 29, 2010, at Petitioner's state sentencing to a twenty-eight month total aggregated term of imprisonment, he was awarded prior custody credit of 181 days for the time period of September 30, 2009, the date of his arrest by Lucas County authorities, until he was sentenced on March 29, 2010.  Accordingly, Petitioner is not entitled to an award of these 181 days against his federal sentence as they have already been credited against his state sentence.  See 18 U.S.C. § 3585(b).  The state has also awarded Petitioner additional prior custody credit for "future custody days while defendant awaits transportation to the appropriate state institution."

Additionally, the state awarded Petitioner prior custody credit from March 29, 2010 to May 21, 2010, the date Lucas County relinquished custody to federal authorities. Therefore, Petitioner has received a total of at least 370 days towards his state sentence, which will be formally applied by the Ohio Department of Corrections once Petitioner is delivered into their custody upon completion of his federal sentence. Accordingly, the BOP cannot award prior custody credit from March 9 to May 21, 2010 because it was already credited towards his state sentence. However, the BOP properly credited Petitioner's 189 days of prior custody credit for the time periods of March 1, 2008 to March 3, 2008; April 29, 2009; July 8, 2009; and May 22, 2010 to November 21, 2010.

### 3. Challenge to Federal Sentence

Petitioner contends, in his objections, that his state sentence and federal sentence should have ran concurrent. Petitioner also states that he is "challenging the imposition of his sentence."

A petition filed under 28 U.S.C. § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials. See Reno v. Koray, 515 U.S. 50, 52-55, n.1 (1995). On the other hand, a motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack upon the imposition of a prisoner's sentence.

The terms of Section 2255 expressly prohibit prisoners from challenging their

10

convictions and sentences through a habeas corpus petition under Section 2241. However, there is a "savings clause" in Section 2255, which allows a prisoner to challenge the validity of his conviction under Section 2241 if he can demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of demonstrating that the Section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Petitioner states he is "clearly" challenging the imposition of his sentence rather than its execution. However, he has failed to meet the three requirements of the savings clause. Indeed, Petitioner cannot meet the second element as violations of 18 U.S.C. §§ 2, 1014, 1028(a)(7), 1343, and 1028A remain criminal offenses. To the extent Petitioner attempts to challenge his conviction through this objection, Petitioner has failed to meet the savings clause because he has not demonstrated that Section 2255 is an inadequate or ineffective remedy.

## V. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, Petitioner's Objections are **OVERRULED**. It is further ordered that the Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment is **GRANTED** and Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED**: January 27, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE